# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| **MANUEL MIGUEL MARTINEZ**, | CASE NO. 08cv0360-BTM(PCL) |
| Petitioner, | **ORDER DENYING MOTION FOR RELIEF FROM UNTIMELY NOTICE OF APPEAL** |
| vs. | [Dkt No. 25] |
| **TIPTON, DIRECTOR**. | |
| Respondent. | |

By Order and Judgment entered December 8, 2009, the Court denied the 28 U.S.C. § 2254 Petition For Writ Of Habeas Corpus in this case presented by petitioner Manuel Miguel Martinez ("Martinez"), a state prisoner proceeding *pro se* and *in forma pauperis*. (Dkt Nos. 18, 19.) In that Order, the Court granted Martinez a Certificate Of Appealability.

The next entry in the case docket is Martinez's March 15, 2010 Notice Of Appeal. (Dkt No. 20.) A March 18, 2010 notation in the docket memorializes the forwarding of the Notice Of Appeal to the Ninth Circuit. (Dkt No. 21.) The Ninth Circuit assigned an appellate case number, provided Martinez with instructions for perfecting his appeal under the Federal Rules of Appellate Procedure ("FRAP"), and set a briefing schedule for the appeal. (*See* Dkt No. 22, entered March 22, 2010.)

By Order file-stamped May 18, 2010, the Ninth Circuit Court Of Appeals *sua sponte* dismissed

1  Martinez's appeal for lack of jurisdiction. (Dkt No. 23.) The Order from a three-judge panel states:

> A review of the record demonstrates that this court lacks jurisdiction over this appeal because the March 15, 2010 notice of appeal, served on March 8, 2010, was not filed or delivered to prison officials within 30 days after the district court's judgment entered on December 8, 2009. *See* 28 U.S.C. § 2107(a); *United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007) (requirement of timely notice of appeal is jurisdictional). Appellant did not file a timely motion for extension of time to appeal. *See* Fed. R. App. P. 4(a)(5)(A)(i) (motion must be filed within 30 days after the time to appeal expires). Consequently, this appeal is dismissed for lack of jurisdiction.

(Dkt No. 23.)

Compliance with FRAP Rule 4 "is mandatory and jurisdictional." Needham v. White Laboratories, Inc., 454 U.S. 927, 930 (1981), Rehnquist, J., dissenting; *see also* Cel-A-Pak v. Cal. Agri. Labor Relations Bd., 680 F.2d 664, 668 (9th Cir. 1982) (*per curiam*) (same). A notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." FRAP 4(a)(1)(A). While a "District Court may, 'upon a showing of excusable neglect or good cause,' extend the time for filing a notice of appeal" under FRAP Rule 4(a)(5), a District Court "may grant such a motion only up to 30 days after the expiration of the time period." Id. ("The purposes behind the 30-day rule [*i.e.*, "to set a definite point in time when litigation shall be at an end, so that the prospective appellee will know that he is freed of the appellant's demands"] are so important that a Court of Appeals is barred from extending the time period"), *citing* FRAP Rule 26(b). "Failure to timely file a notice of appeal necessarily results in [a] . . . lack of appellate jurisdiction." Feldman v. Allstate Ins. Co., 322 F.3d 660, 665 (9th Cir. 2003).

Martinez now moves this Court for an extension of time to appeal, styled as a "Motion To Reopen/Correct Error Of The Court On The Notice Of Appeal," filed August 11, 2010 ("Motion").[1] (Dkt No. 25.) He asks the Court to "reopen[] the time to file a notice of appeal" and to extend his deadlines because, he argues, he filed two *ex parte* applications to enlarge the time to file his notice of appeal, but the Court did not act on those motions. (Id.) However, the docket does not support his representation he ever timely moved for an extension of time to appeal.

---

[1] Although Martinez entitles his Motion as one to "Reopen/Correct" a purported court error, he substantiaties no such error, even were the Court to construe the Motion to enlarge time as a FED. R. CIV. P. Rule 60 motion for relief from a judgment or Order of this Court.

1    Martinez acknowledges he was promptly served with the December 8, 2009 Order and
2 Judgment denying his federal habeas petition.  He admits he was aware of the "notice of appeal and
3 motions" deadlines, but represents he was on lockdown status at the time without access to the law
4 library and knew his deadlines would elapse before he could prepare his appeal.  (Dkt No. 25, 1:12-
5 18.)  Motion Exhibit A purports to substantiate he requested a 30-day extension of time to file a notice
6 of appeal in a one-page motion signed December 29, 2009.  However, the copy provided as Exhibit A
7 is not file-stamped, the accompanying copy of a proof of service by mail is unsigned, and the docket
8 does not reflect he ever filed that motion.  (Id., pp. 5-6.)

9    Martinez's March 15, 2010 Notice of Appeal provides in its entirety:  "Notice is hereby given
10 that Manuel M. Martinez appeals to the United States Court of Appeals for the ninth circuit from the
11 final judgment denying the petition for writ of Habeas Corpus entered in this action on 12/8/2009."
12 (Dkt No. 20, p. 1.)  He attached to the Notice of Appeal a "Motion For Order Extending Time For
13 Appeal" bearing a date of February 25, 2010 next to his signature and requests a deadline extension
14 to May 25, 2010.  (Id., p. 2.)  The motion is supported by his Declaration, also dated February 25,
15 2010, acknowledging his deadline to "file the notice or appeal" was "1-7-2010."  (Id., p. 4.)  He makes
16 no reference in that filing to any previous request for an enlargement of time.  The accompanying
17 proof of service by mail is signed by Martinez, is dated March 8, 2010, and describes the service
18 package as comprised of "Notice of Appeal, Motion For Order Extending Time For Appeal, [and]
19 Declaration In Support of Motion For Ordering Extension Of Time For Appeal."  (Id., p. 5.)  Although
20 the captions for all three of those documents identify the destination court as the District Court, the
21 Proof Of Service lists as served only the "United States Court Of Appeals For The Ninth Circuit."
22 (Id.)  No separate filing of a motion for enlargement of time on or about the February 25, 2010
23 signature dates on his motion and Declaration is substantiated by any other proof of service or in the
24 case docket.  Those materials were filed weeks after the 30-day window for requesting an extension
25 of time to file a Notice of Appeal had expired.[2]

26

27    [2] The "time prescribed by . . . Rule (4)" for filing a Notice Of Appeal in the circumstances presented
   by this case is:  "(A)  In a civil case, . . . the notice of appeal . . . must be filed with the district clerk within 30
28 days after the judgment or order appealed from is entered."  FRAP 4(a)(1)(A).  The ameliorative rule in FRAP

Martinez attempts now to obtain equitable relief from the untimeliness bar based on his characterization: "The court acted on either the ex parte motion to enlarge time or the second motion to enlarge time because the court accepted the motion / notice of appeal [filed March 15, 2010] and transmitted the proceedings to the ninth circuit court of appeal for the COA issued by this court." (Dkt No. 25, 2:1-3.)  Not only is there no proof he filed any motion for enlargement of time to file a Notice of Appeal prior to the request accompanying the untimely Notice of Appeal itself, but also even if he had, he would not have been justified in assuming the Court had acted on it in his favor.  The appellant bears the burden of ensuring codified deadlines have been formally extended:

> [T]he present rule in this circuit is that "ambiguous or implicitly misleading conduct by courts does not release litigants from their appeal deadlines.  If a party believes a court has acted ambiguously as to an appeal deadline, it bears the burden of seeking clarification.

Mt. Graham Red Squirrel v. Madigan, 954 F.2d 1441, 1462-63 (9th Cir. 1992), *quoting* In re Slimick, 928 F.2d 304, 310 (9th Cir. 1990); *see also* Cel-A-Pak, 680 F.2d at 666 ("Mere acceptance of the untimely notice of appeal will not be construed as a grant of such extension by the district court").

The timeliness of appeal issue is one exclusively within the province of the Ninth Circuit to decide.  United States v. Sadler, 480 F.3d 932, 940 (9th Cir. 2007 ("We, not the district court, are the ultimate arbiters of compliance with the rules governing the appellate process").  Here, the Court of Appeals specifically found that Martinez did not timely seek an extension and his appeal was untimely. Since the Court of Appeals found that no timely motion for extension had been filed, any error in that finding must be raised before the Court of Appeals.  Martinez cites no authority for the proposition this Court may resume jurisdiction to resurrect an appeal foreclosed by the Ninth Circuit under that court's rules of procedure.  Inasmuch as Martinez had no authorization from this Court for a late filing of a Notice Of Appeal within the Court's limited ability to extend that deadline, and the period within which he might have obtained an enlargement of time to file a Notice Of Appeal has long passed, this Court is without jurisdiction to afford Martinez relief from the untimeliness bar.

---

4(a)(5)(A) provides a 30-day grace period within which a litigant who is not entitled to appeal as of right may nevertheless ask the court for an extension of time to file a notice of appeal.

Therefore, **IT IS HEREBY ORDERED** the Motion is **<u>DENIED</u>**.

    **IT IS SO ORDERED**.

DATED:  August 23, 2010

                                           */s/ Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge